NO









NO. 12-09-00149-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

JAMES EDWARD TALLEY,

APPELLANT                                                     '     APPEAL
FROM THE 114TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM OPINION

PER
CURIAM

            James
Edward Talley appeals his conviction for violation of bond in a family violence
case.  Appellant’s counsel has filed a brief asserting compliance with Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)
and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We
dismiss the appeal.  

 

Background

Appellant pleaded guilty to the
offense of violation of bond in a family violence case with two or more
previous convictions.[1] 
The trial court placed him on deferred adjudication community supervision in
July 2008.  Appellant apparently travelled to California following his plea
with the intent that his community supervision would be administered in that
state.  The State of California declined to supervise Appellant, but Appellant
did not return to Texas.  In April 2009, the State filed an application to
revoke Appellant’s suspended sentence, alleging that he had failed to report
and failed to pay fees as ordered.  A hearing was held in April, and Appellant
pleaded true to several of the allegations.  Following that hearing, the trial
court found Appellant guilty and sentenced him to imprisonment for two years
and a fine of one thousand dollars.  This appeal followed.  

 

Analysis Pursuant to Anders v. California

Appellant=s counsel has filed a brief
in compliance with Anders and Gainous.  Counsel
states that he has diligently reviewed the appellate record and that he is well
acquainted with the facts of this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel=s
brief presents a thorough chronological summary of the procedural history of
the case and further states that counsel is unable to present any arguable
issues for appeal.  See Anders, 386 U.S. at 745, 87 S. Ct. at
1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346,
350, 102 L. Ed. 2d 300 (1988).  We have likewise reviewed the record for
reversible error and have found none.

 

Conclusion

As
required, Appellant=s
counsel has moved for leave to withdraw.  See In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement
with Appellant’s counsel that the appeal is wholly frivolous.  Accordingly, his
motion for leave to withdraw is hereby granted, and we dismiss
this appeal.  See In re Schulman, 252 S.W.3d at 408B09 (“After the completion
of these four steps, the court of appeals will either agree that the appeal is
wholly frivolous, grant the attorney=s
motion to withdraw, and dismiss the appeal, or it will determine that there may
be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion delivered June 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH) 

 









                [1]
See Tex. Penal Code Ann. §
25.07(g) (Vernon Supp. 2009).